### Panichi's License

*Spencer W. Hill*, for Liquor Control Board.
*Romeyn F. Culver*, for defendant.

FARR, P. J., May 2, 1941.—On February 26, 1941, this appeal was taken from an order made by the Liquor Control Board on February 4, 1941, revoking restaurant liquor license no. R-14916, issued on August 1, 1938, and from an order of the same date revoking the restaurant liquor license of the same number, issued on August 9, 1939.

On May 14, 1940, the Liquor Control Board issued its citation to these licenseholders to show cause why their license should not be revoked, and a hearing was held upon these citations on November 8, 1940. The complaints were:

1. That the licensees conspired to defraud the State and Federal Governments of taxes and necessary license fees required of manufacturers of alcoholic, vinous, and spirituous liquors and malt or brewed beverages.

2. The licensees assisted in the unlawful manufacture of alcoholic and spirituous liquors.

And on January 8, 1940, Esaia Panichi and four others were indicted for conspiracy to violate the liquor laws, and for the unlawful manufacture of alcohol. One of the alleged conspirators was not apprehended and the district attorney made it appear to the court that it was desirable to try all of those indicted together, and for that reason and on one occasion for the reason that the witnesses for the Commonwealth were not available, the case was continued until September 24, 1940, when Esaia

Panichi and others were convicted, and following the application for a new trial on February 15, 1941, he was sentenced. The evidence showed that defendant was assisting in the operation of a still for the distillation of alcohol in the mountains a few miles distant from the premises in which this licensee operated. All of the evidence is to the effect that the still ceased to operate sometime prior to May 1, 1939.

It is contended by counsel for the licensees: First, that there is no evidence involving Ida Panichi with the violation of any law of the Commonwealth, and therefore as to her the license ought not to be revoked; second, that the Liquor Control Board was without authority to issue its citations and make the orders for the reason that such citations were not issued until May 14, 1940, more than a year after the offense against the liquor laws was committed by Esaia Panichi.

We are not impressed with the first reason. It appears that Esaia Panichi and Ida Panichi are husband and wife, but irrespective of that we hold that where a license is held in two or more names, and one of the licensees becomes a violator of the liquor laws, the license ought to be revoked as to all. We find no authority for the revoking of a license as to one and permitting the rest to operate under such license. But as to the other reason, we are satisfied the appeal should be sustained. The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended by the Act of July 18, 1935, P. L. 1246, and the Act of June 16, 1937, P. L. 1762, 47 PS §744, gave the Liquor Control Board power to issue its citation "within one year from the date of such violation or cause appearing". We are not prepared to hold definitely that the citation might not under certain circumstances issue more than one year after the commission of the offense or cause appearing if such offense became known within the year. But in the case at bar the violations became known, according to the evidence, to the enforcement officers of the Pennsylvania Liquor Control

Board in March of 1939. The board was probably wait-ing for the outcome of the criminal prosecutions but in doing so overlooked the limitations above cited.

In all cases of this kind where the action of the board may be justified, it is our purpose to sustain and uphold that service established by law for the proper and efficient control of the liquor traffic, but in this case it clearly ap-pears that the board was without jurisdiction because of the limitation placed upon its authority to revoke.

Therefore, the appeal is sustained and the orders of the board referred to, dated February 4, 1941, revoking the license of Esaia Panichi and Ida Panichi for the year 1938 and for the year 1939, are reversed.